```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


JOHNNY PLAISANCE AND LA                  CIVIL ACTION
CARRIERS, INC.


VERSUS                                   NO: 07-6357


SCOTTSDALE INSURANCE COMPANY             SECTION: R(4)
```

### ORDER

Before the Court is defendant Scottsdale Insurance Company's Motion for Summary Judgment.  For the following reasons, the Court GRANTS the Motion in part, and DENIES the Motion in part.


**I.    BACKGROUND**

The dispute arises out of damages sustained by plaintiff LA Carriers, Inc.'s property during Hurricane Katrina.  LA Carriers, Inc. (LCI) is the Plaisance family business, and plaintiff Johnny Plaisance is a part owner of the business. (*See* R. Doc. 30-3). On March 10, 2004, LCI purchased a nearly 7,000 square-foot residential building, located at 539 Esplanade Avenue in the

French Quarter of New Orleans, for the full use and benefit of Johnny Plaisance. (*See* R. Doc. 30-3).  In order to provide Plaisance with further interest in the property, LCI and Plaisance entered into a "Lease Agreement With Option to Purchase" on December 1, 2004. (R. Doc. 30-2).  The agreement provided Plaisance with: (1) the right to purchase the property for $500,000; (2) a significantly reduced rent for the entire building ($3,500) and the ability to derive substantial income by subletting the units of the building which he does not personally occupy; and (3) a lifetime right of control, occupancy, and use of the property as he desires. (R. Doc. 30-2).

On August 29, 2005, the property sustained significant wind damage from Hurricane Katrina.  Scottsdale Insurance Company insured the property under Policy No. CPS0709382.  The named insured was Johnny Plaisance, and Scottsdale paid Plaisance $80.130.19 for the damage to the property.  Plaintiff alleges that he actually sustained damages of $343,199.61 and brought suit to recover the alleged actual damages.  Scottsdale then brought the present motion for summary judgment.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled

to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325; *Lavespere,* 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex,* 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

## III. DISCUSSION

Defendant contends that neither plaintiff LCI nor plaintiff Johnny Plaisance can recover under the insurance policy. Defendant contends that LCI cannot recover since LCI is not a named insured or additional insured under the policy. Defendant contends that Plaisance cannot recover since he is not the owner of the property and does not have an insurable interest.

### A.   LCI

The Court finds that LCI cannot recover as it is not a named insured, an additional insured, or a third-party beneficiary under the policy. Under Louisiana law, an insurance contract, like other contracts, is the law between the parties. *Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 420 (La. 1988). If the policy wording is clear, and it expresses the intent of the parties, the agreement must be enforced as written. *Id.* Here, the insurance policy covering the property unambiguously states that the named insured is Johnny Plaisance. (R. Doc. 29-5). Plaintiff LCI is not listed anywhere on the contract. Further, plaintiffs have not disputed that LCI was not a named insured. Accordingly, the Court GRANTS summary judgment with respect to any claims involving LCI.

4

B.   **Johnny Plaisance**

The Court finds that Johnny Plaisance can recover under the policy since he has an insurable interest in the property.  Under Louisiana law, a person without an interest in a property may not purchase a policy to insure it. *See* La Rev. Stat. 22:614.  An insurable interest means "any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage." *Id.* If loss or damage to the property does not expose the insured to "either direct, immediate or potential financial loss or liability," the insured does not have an insurable interest. *Giddens v. USAA Property and Cas. Ins. Co.*, 93-2067 (La. App. 1 Cir. 10/7/94); 644 So.2d 827, 829 (citing *Rube v. Pacific Ins. Co.*, 131 So.2d 240 (La. Ct. App. 1961)).  Ownership of the property is not required to establish an insurable interest. *Young v. State Farm Fire & Cas. Ins. Co.*, 426 So.2d 636, 640 (La. Ct. App. 1982)(internal citations omitted); *see also Stokes v. Republic Underwriters Ins. Co.*, 387 So.2d 1261, 1262 (La. Ct. App. 1980) (holding that plaintiff had an insurable interest in the property when she had the right to stay in the property, rent-free, for as long as she lived).  Louisiana courts have found that a non-owner's substantial investment in property gives

rise to an insurable interest. *See Young*, 426 So.2d at 640
(holding that plaintiff had an insurable interest in the house
owned by his son since he had invested time and money in its
construction and was in actual possession of the house for three
or four months before the accident); *Brewster v. Michigan Millers
Mut. Ins. Co.*, 274 So.2d 213, 217 (La. Ct. App. 1973) (finding
that plaintiff had an insurable interest in a home that he had
built and to which he retained the right of occupancy and right
to collect rent); *Knighten v. North British & Mercantile Ins.
Co.*, 116 So.2d 516, 519 (La. 1959) (holding that plaintiff had an
insurable interest in homes that he built and from which he
collected rent).

The Court finds that Johnny Plaisance has an insurable
interest in the policy, and has had the interest from the day the
policy was issued.  Plaisance has a substantial economic interest
in the property.  The President of LCI stated that the property
was purchased "for Johnny Plaisance to live in, enjoy, rent out
and/or do with what he wants, for as long as he desires, up and
through the time of his death." (R. Doc. 30-2).  Plaisance is
allowed to rent the property at a rate of $3,500 a month, even
though the fair market value of the property was double that
amount at the time of Hurricane Katrina. (R. Doc. 30-2).  He also

has the option to purchase the property for $500,000 even though the property was worth over $700,000 at the time of Hurricane Katrina. (*See* R. Doc. 30-2).  Plaisance has the right to occupy and collect rents on the property. (*See* R. Doc. 30-2).  He has the right to will the property, and did will it to Ferman K. Sands, Jr. (R. Doc. 30-2).  Plaisance also has made significant and substantial improvements to the property. (*See* R. Doc. 30-2). Further,  Plaisance handles all ownership matters related to the property.  He pays the mortgage note, taxes, bills, and maintains and repairs the property. (R. Doc. 30-2).  The Court finds that plaintiff has an insurable interest since he has a substantial economic interest in the property.  Accordingly, the Motion for Summary Judgment as to Johnny Plaisance is DENIED.


IV.   CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for Summary Judgment in part and GRANTS the Motion in part.


New Orleans, Louisiana, this 22nd day of September, 2008

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

7